IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION

ALEXANDER GOMEZ,

    Plaintiff,

vs.

Case No.: 2:17-Cv-1-FtM-99CM

FLORIDA COAST EQUIPMENT, INC.
    Defendants,
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ALEXANDER GOMEZ ("Plaintiff" or "Gomez") hereby files this Complaint against Defendants, FLORIDA COAST EQUIPMENT, INC. ("Defendants" or "FCE") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et. seq.* and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 215(a)(3) because this action involves a federal question under the Fair Labor Standards Act.

2. Venue is appropriate here in the Middle District of Florida pursuant to 28 U.S.C. 1391(b) because Defendants conduct business in Naples Florida and the acts complained of occurred within the Middle District of Florida.

3. **Plaintiff, Alexander Gomez** is a resident of Lee County, Florida.

4. **Defendant Florida Coast Equipment, Inc.** is a Florida Corporation with its principal address located at 357 Pike Road, West Palm Beach, Florida 33411.

5. FCE is a wholesale tractor and equipment dealer and service company that specializes in farm and garden machinery.

6. At all times pertinent to this Complaint, FCE was an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. §203(r) and 203 (s). Based upon information and belief, the annual gross sales volume of the Defendant's business was in excess of $500,000.00 per annum at all times material hereto. Alternatively, the Plaintiff worked in interstate commerce so as to fall within the protections of the Act.

7. Plaintiff, Gomez was hired in August 2015 as a driver for FCE.

8. At all times material hereto, Defendants were Plaintiff's "employer" as defined pursuant to the FLSA (29 U.S.C. § 203(e)(1)).

9. All conditions precedent to the filing of this action have been performed.

### FACTUAL BACKGROUND

10. Plaintiff, Gomez was hired in August 2015 as a driver for FCE.

11. As a driver, Gomez was required to make deliveries to customers throughout Florida and between FCE's three store locations in Naples, West Palm Beach and Fort Pierce.

12. For his efforts, FCE paid Gomez $17.00 per hour.

13. In the performance of his job, Gomez was regularly required to work 50+ hours per week.

14. During his employment, Gomez regularly worked in excess of forty (40) hours per week without adequate overtime compensation.

15. At all times during his employment FCE employed policies and practices to decrease payroll costs which deprived Gomez of all of his legally entitled overtime compensation.

16. FCE required Gomez to perform compensable work without compensation; including but not limited to making pickups and deliveries before clocking in, and making pickups and deliveries after clocking out.

17. FCE regularly altered Gomez's time records to clock Gomez out while Gomez continued to perform compensable work.

18. FCE shaved/deducted a daily 30 minute lunch break from Gomez's compensation despite the fact that Gomez did not take uninterrupted breaks of 30 minutes or more for lunch or any other reasons.

19. FCE's policies and practices required/permitted Gomez to work off-the-clock and failed to properly compensate Gomez for all hours worked in excess of forty (40) during any given workweek.

20. Accordingly, Gomez is entitled to payment of overtime compensation for each week in which he worked in excess of forty hours (including uncompensated off-the-clock work) for uncompensated time and time worked off-the-clock.

## COUNT I
## VIOLATION OF THE OVERTIME REQUIREMENTS OF THE FLSA

21. Plaintiff re-adopts and re-alleges paragraphs one (1) through twenty (20) as if fully set forth herein verbatim.

22. Plaintiff is entitled to be paid the proper overtime rate of pay for each and every hour he worked as non-exempt driver in excess of forty (40) hours in any given week during the entirety of his employment from August 2015 through September 2016 and the date of this filing.

23. Defendants failed to pay Plaintiff overtime wages in accordance with the mandatory provisions of the FLSA.

24. Defendants failed and/or refused to accurately track and compensate Plaintiff for **all** of his overtime hours, including compensable preliminary and postliminary activity.

25. Defendants failed and/or refused to accurately track and compensate Plaintiff for **all** of his overtime hours, including compensable 'lunch breaks'.

26. Defendants unlawfully deducted hours from Plaintiff's time records and failed to compensate Plaintiff for **all** of his overtime hours.

27. By reason of Defendants intentional, willful and unlawful acts, the Plaintiff has suffered and continues to suffer damages.

28. Due to Defendants' FLSA violations, Plaintiff Gomez is entitled to recover from Defendants the unpaid overtime compensation owed, an additional, equal amount as liquidated damages, prejudgment interest and reasonable attorneys' fees and costs pursuant to 29 U.S.C. 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, respectfully requests the following relief:

   a. That the Court finds Defendants in violation of the FLSA and issue a judgment in Plaintiff's favor.

   b. That the Court find that the Defendants' violations of the FLSA were and are willful and in bad faith.

c. That the Court award the Plaintiff compensation for all previous hours worked in excess of forty (40) hours in any given workweek that he did not receive at least one and one-half times Plaintiff's regular rate of compensation AND liquidated damages of an equal amount to the unpaid overtime compensation; in addition to penalties and interest on said award pursuant to § 216 of the FLSA.

d. An order awarding attorneys' fees and costs pursuant to § 216 of the FLSA AND

e. That the Court award any other legal and equitable relief as this Court may deem appropriate and the law allows.

Respectfully filed on December 29, 2016

*/s/ Benjamin L. Williams*
BENJAMIN LEE WILLIAMS, ESQUIRE
Florida Bar 0030657
**WILLIAMS LAW P.A.**
P.O. Box 3237
Ponte Vedra Beach, FL 32004
(t) (904) 580-6060
(f) (904) 671-9483
bwilliams@williamslawjax.com